# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>DAVID K. CROWE and COLLEEN M. CROWE,<br><br>　　　　　　Debtors. | Chapter 11 Proceeding<br><br>Case No. 4:19-bk-04406-BMW |
| TURBINE POWERED TECHNOLOGY, LLC,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>DAVID K. CROWE and COLLEEN M. CROWE,<br><br>　　　　　　Defendants. | Adversary Case No. 4:19-ap-00260-BMW<br><br>**RULING AND ORDER RE: MOTION TO: (1) ABSTAIN OR ALTERNATIVELY, STAY ADVERSARY PROCEEDING; AND (2) CONTINUE DEADLINES** |

This matter came before the Court pursuant to the *Motion to: (1) Abstain or Alternatively, Stay Adversary Proceeding; and (2) to Continue Deadlines* (the "Motion") (Dkt. 10) filed by the Plaintiff, Turbine Powered Technology, LLC ("TPT"), on October 18, 2019; the *Response to Motion to Abstain or Alternatively Stay Adversary* (Dkt. 17) filed by the Defendants, David and Colleen Crowe (the "Debtors"), on November 1, 2019; the *Reply to Response to Motion to Abstain, or Alternatively, Stay Adversary* (Dkt. 22) filed by TPT on November 15, 2019; the *Supplemental Response to Motion for Relief from Automatic Stay (DE 144) and Motion to Abstain or Stay Adversary Proceeding (Adv. DE 10)* (Dkt. 35) filed by the Debtors on January 8,

2020; and all pleadings related thereto.

TPT has asked the Court to: (1) permissively abstain from, or in the alternative, stay this adversary proceeding to allow the 16th Judicial District Court for the Parish of St. Mary in the State of Louisiana (the "Louisiana State Court") to liquidate TPT's claims; and (2) extend the initial disclosure and discovery plan deadlines. The Debtors have objected to TPT's request for abstention or a stay on the basis that: (a) permissive abstention is inappropriate because this is a core proceeding that involves the dischargeability of debts over which this Court has exclusive jurisdiction; (b) the abstention factors weigh against abstention; and (c) the interest of justice militates against allowing TPT to stay its own adversary proceeding.

The Court held a hearing on the Motion on January 22, 2020, at which time the parties presented oral argument. Subsequent to the hearing, at the Court's request TPT filed a *Status Report for Related Litigation* (Dkts. 45 & 46).[1]

Upon further review, the Court deems this matter suitable for disposition without further hearing, argument, or briefing.

## I. Jurisdiction

The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(B), 157(b)(2)(I), 157(b)(2)(J), and 1334. The Debtors have consented to this Court's jurisdiction to enter final orders and judgments. When TPT filed its proof of claim, it voluntarily submitted itself to the jurisdiction of this Court. *Langenkamp v. Culp*, 498 U.S. 42, 44, 111 S. Ct. 330, 331, 112 L. Ed. 2d 343 (1990); *see also Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 58-59 and n. 14, 109 S. Ct. 2782, 2799-2800 and n.14, 106 L. Ed. 2d 26 (1989). TPT has also conceded that it has submitted to this Court's jurisdiction. (*See* Dkt. 1; 1/22/2020 Hearing Tr. 25:11-19).

## II. Factual Background & Procedural Posture

In November 2016, TPT filed suit against Debtor David Crowe and other third parties in the Louisiana State Court alleging, among other things, breach of contract, breach of fiduciary

---

[1] The Debtors have moved the Court to strike the Status Report on the basis that it is biased and inaccurate. (*See* Dkt. 49).

duty, tortious interference with a business relationship, and violations of the Louisiana Uniform Trade Secrets and Unfair Trade Practices Act (the "Louisiana State Court Action").[2]

On April 12, 2019 (the "Petition Date"), the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.[3]

On July 16, 2019, TPT filed a proof of claim in the administrative case asserting a claim in the amount of "[n]ot less than $30,014,536.82" (the "TPT Claim"). (Admin. Dkt. Proof of Claim 12-1).[4] The Debtors have objected to the TPT Claim. (Admin. Dkt. 176).

On July 22, 2019, TPT filed the complaint against the Debtors that commenced this adversary proceeding. (Dkt. 1). The complaint alleges that its claims are non-dischargeable pursuant to §§ 523(a)(2)(A), 523(a)(4), 523(a)(6), and 727(a)(4) of the Code[5] and expressly requests that the Court enter a non-dischargeable judgment in TPT's favor in "the sum of not less than $30,014,536.82 plus interest of 10% per annum[.]" (Dkt. 1).

On August 21, 2019, the Debtors filed their answer to the complaint. (Dkt. 2).

On September 3, 2019, TPT filed a motion for stay relief in the administrative case, asking the Court to grant stay relief to allow it to proceed with the Louisiana State Court Action. (Admin. Dkt. 144). The Debtors have opposed the motion for stay relief. (Admin. Dkt. 148).

On October 18, 2019, TPT filed the Motion.

The Debtors have since filed their *Motion for Partial Summary Judgment (Counts I-III)* (the "Motion for Partial SJ") (Dkt. 18) in this adversary proceeding, which motion is fully briefed and is ready to proceed to oral argument.[6] (*See* Dkts. 19, 30, 31, 37).

---

[2] 16th Judicial District Court for the Parish of West St. Mary State of Louisiana case number 130379, Div. F.

[3] As of the Petition Date, and as noted by TPT's counsel, pieces of the Louisiana State Court Action and/or related proceedings were pending before multiple courts. (*See* 1/22/2020 Hearing Tr. 26:5-8; Dkt. 45).

[4] References to the "Admin. Dkt." are references to docket entries on the administrative docket, case number 4:19-bk-04406-BMW, of which the Court will take judicial notice.

[5] Unless otherwise indicated, statutory references are to the Bankruptcy Code, title 11 of the United States Code.

[6] TPT's response to the Motion for Partial SJ and TPT's controverting statement of facts rely on documents that TPT asserted it would seek to file under seal. (*See* Dkts. 30 & 31). Although TPT filed a motion to file documents under seal, TPT has not taken appropriate steps to pursue that motion. (*See* Dkts. 33, 47; 1/22/2020 Hearing Tr. 49:19-57:18).

**III. Legal Analysis**

    **A. Permissive Abstention**

    28 USC § 1334(c)(1) provides in relevant part: "nothing in this section prevents a district court in the interest of justice, or in the interest of comity of State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11."

    Courts in the Ninth Circuit consider the following factors, commonly known as the *Tucson Estates* factors, when determining whether permissive abstention is appropriate:

> (1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention,
> (2) the extent to which state law issues predominate over bankruptcy issues,
> (3) the difficulty or unsettled nature of the applicable law,
> (4) the presence of a related proceeding commenced in state court or other nonbankruptcy court,
> (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334,
> (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case,
> (7) the substance rather than form of an asserted "core" proceeding,
> (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court,
> (9) the burden on [the bankruptcy court's] docket,
> (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties,
> (11) the existence of a right to a jury trial, and
> (12) the presence in the proceeding of nondebtor parties.

*In re Tucson Estates, Inc.*, 912 F.2d 1162, 1166–67 (9th Cir. 1990) (citing *In re Republic Reader's Serv., Inc.,* 81 B.R. 422, 429 (Bankr.S.D.Tex.1987)).

    The following sets forth the Court's application of the *Tucson Estates* factors to the facts of this case:

    1.    <u>Effect on Administration of the Estate if Court Abstains</u>: As part of the relief requested in this adversary proceeding, which TPT filed, and is now asking the Court to abstain

from or stay, TPT requested that the Court liquidate the TPT Claim. The TPT Claim, as asserted, is by far the largest general unsecured claim filed against the estate. In order to proceed to plan confirmation the TPT Claim either needs to be liquidated or estimated for plan purposes.

Further, based on TPT's status report, the Louisiana State Court Action is not set for trial, and dispositive motions are not scheduled to be heard by the Louisiana State Court until November 2020, at the earliest. (Dkt. 45 at 9). Although this Court could foreseeably estimate TPT's claim for purposes of confirmation, the Motion for Partial SJ is pending before this Court, which motion has been fully briefed, and which can be ruled on in an expeditious manner by this Court. If the TPT Claim can be determined by summary judgment, or liquidated in an expeditious manner, it is a waste of judicial and estate resources to conduct a separate estimation proceeding.

At this point, it is the determination of the Court that abstention would delay the administration of the estate to the detriment of all parties in interest. This factor weighs heavily against abstention.

2. <u>Extent to Which State Law Issues Predominate</u>: There is no dispute that the underlying claims implicate state law and that the claim allowance and nondischargeability components of this action involve issues of federal bankruptcy law. The state law issues clearly do not predominate over the bankruptcy issues. This factor weighs against abstention.

3. <u>Difficulty or Unsettled Nature of Applicable Law</u>: Even if there may be some difficult and/or unsettled issues of law involved, this Court routinely applies state law and is capable of adjudicating the underlying state law issues for purposes of liquidating the TPT Claim. This factor is neutral.

4. <u>Presence of Pending Related Proceeding</u>: As noted above, there is a related proceeding pending in the Louisiana State Court. However, the Louisiana State Court has not scheduled hearings on dispositive motions or set the matter for trial. Further, any judgment rendered by the Louisiana State Court may not have preclusive effect for purposes of this Court's nondischargeability determinations. Thus, even if the TPT Claim were to be liquidated in the Louisiana State Court, the parties would need to return to this Court for allowance and dischargeability determinations, which could require an additional trial. This Court is also

extremely concerned that the relief requested in the Louisiana State Court Action goes beyond liquidation of the TPT Claim in that it requests imposition of a permanent injunction against Mr. Crowe. (1/22/2020 Hearing Tr. 40:1-8, 46:14-47:13). This factor weighs against abstention.

5. <u>The Jurisdictional Basis Other than 28 U.S.C. § 1334</u>: There appears to be an independent basis for federal jurisdiction – namely, diversity jurisdiction – at least as between the parties to this adversary proceeding given that: (a) Debtor David Crowe is an Arizona resident, while TPT has asserted that it has its principal place of business and is domiciled in Louisiana; and (b) the amount in controversy exceeds the statutory threshold. (*See* Dkt. 17 at Ex. B; Admin. Dkt. Proof of Claim 12-1). This factor is neutral, at best.

6. <u>Degree of Relatedness or Remoteness of the Proceeding to the Bankruptcy Case</u>: This adversary proceeding is directly related to and intertwined with the administrative bankruptcy case. The liquidation and allowance of the TPT Claim is central to the plan confirmation proceedings in this case. This factor weighs against abstention.

7. <u>Substance of the Asserted Core Proceeding</u>: Although the substance of the underlying claims involves disputes arising under state law, the claim allowance and dischargeability components of this adversary proceeding are clearly core proceedings that implicate federal bankruptcy law. 28 U.S.C. §§ 157(b)(2)(B), (b)(2)(I), (b)(2)(J). This factor weighs against abstention.

8. <u>Feasibility of Severing State Law Claims from Core Bankruptcy Matters</u>: The Court could abstain to allow the Louisiana State Court to liquidate TPT's claims only and require the parties to return to this Court for determinations of allowance, dischargeability and enforcement. However, TPT has shown that it is prone to broadly interpret this Court's orders and has admitted that it is seeking more than adjudication of its claims in the Louisiana State Court. (*See* 10/24/2019 Hearing Tr. 37:8-40:22; 1/22/2020 Hearing Tr. 46:19-48:9). At this point, this factor weighs against abstention.

9. <u>Burden on Bankruptcy Court's Docket</u>: The TPT Claim must be liquidated in some forum. Based upon TPT's own status report, this Court is able to hear and rule upon the dipositive motion pending in this adversary proceeding more expeditiously than the Louisiana State Court

is able to hear and rule upon the dispositive motion(s) pending before it. This factor weighs against abstention.

10. <u>Likelihood of Forum Shopping</u>: Each side has accused the other of forum shopping. There is no evidence before this Court as to whether either party is forum shopping. This factor is neutral.

11. <u>Existence of Right to Jury Trial</u>: Although both parties demanded a jury trial in the Louisiana State Court, as discussed above, TPT has submitted to this Court's jurisdiction, thereby waiving its right to a jury trial,[7] and the Debtors have expressly waived their right to a jury trial. This factor weighs against abstention.

12. <u>Presence of Non-Debtor Parties in Related Proceeding</u>: There are at least seven additional non-debtor defendants involved in the Louisiana State Court Action, none of whom are parties to this adversary proceeding, nor have they consented to this Court's jurisdiction. However, with the exception of Arizona Turbine Technology, Inc.,[8] there is no stay in effect as to any non-debtor parties to the Louisiana State Court Action and it is the Court's understanding that TPT is proceeding against those parties. (*See* Dkt. 45 at Ex. G). This factor is neutral.

Given that most of the *Tucson Estates* factors weigh against abstention or are neutral, and given that this Court is in a position to more expeditiously resolve this matter, at this juncture the Court will not abstain from adjudicating this adversary proceeding.

**B.     Request for a Stay Pursuant to § 105(a)**

In the alternative, TPT has asked the Court to stay this adversary proceeding pursuant to § 105(a). Section 105(a) allows a court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." Section 105(a) is entirely discretionary. *See In re Del Mission Ltd.*, 98 F.3d 1147, 1153 (9th Cir. 1996). Further, "the [c]ourt's broad injunctive power under [§ 105(a)] must be used sparingly." *In re Consol. Pioneer Mortg. Entities*, 205 B.R. 422, 425 (B.A.P. 9th Cir. 1997) (quoting *In re Nasco P.R., Inc.,* 117

---

[7] "There is no right to trial by jury where a proof of claim has been filed, *see Langenkamp,* 498 U.S. at 44–45, 111 S.Ct. at 331–32, and there is no right to trial by jury on . . . dischargeability issue[s], *Hooper,* 112 B.R. at 1012. There is, accordingly, no right to trial by jury in nondischargeability proceedings." *In re Locke*, 205 B.R. 592, 600 (B.A.P. 9th Cir. 1996).

[8] This entity is the debtor in bankruptcy Case No. 4:19-bk-15914-BMW pending before this Court.

B.R. 35, 38 (Bankr. D.P.R. 1990)).

In this case, TPT has not established a sufficient basis for the Court to stay this adversary proceeding, which proceeding was commenced by TPT, and which proceeding is intrinsically intertwined with the pending plan confirmation proceedings. Although there is a related action pending before the Louisiana State Court, the Louisiana State Court is not scheduled to hear dispositive motions until November 2020, at the earliest. The Motion for Partial SJ is fully briefed before this Court, and this Court is in a position to promptly rule on the Motion for Partial SJ, which motion could resolve, or at least significantly narrow the issues before this Court relating to the TPT Claim and this adversary proceeding.

## IV. Conclusion

Based upon the foregoing, it is the determination of this Court that at this point in the proceedings it is not appropriate for this Court to either stay, or abstain from this adversary proceeding. Wherefore, upon consideration of the entire record, and for good cause shown;

**IT IS HEREBY ORDERED** that the Motion is denied.

**DATED AND SIGNED ABOVE.**