# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>DAVID K. CROWE and COLLEEN M. CROWE,<br><br>                Debtors. | Chapter 11 Proceeding<br><br>Case No. 4:19-bk-04406-BMW |
| TURBINE POWERED TECHNOLOGY, LLC,<br><br>                Plaintiff,<br><br>v.<br><br>DAVID K. CROWE and COLLEEN M. CROWE,<br><br>                Defendants. | Adversary Case No. 4:19-ap-00260-BMW<br><br>**RULING AND ORDER RE: MOTION TO POSTPONE RULING ON MOTION FOR PARTIAL SUMMARY JUDGMENT (COUNTS I-III)** |

This matter came before the Court pursuant to the *Motion to Postpone Ruling on Motion for Partial Summary Judgment (Counts I – III)* (the "Motion to Postpone") (Dkt. 28) and attached *Declaration of Ted L. McIntyre II in Support of Request for Denial or Continuance of Summary Judgment Under FRCP 56(d)* (Dkt. 28 at Ex. A) and *Declaration of Chelsea R. Thompson in Support of Request for Denial or Continuance of Summary Judgment Under FRCP 56(d)* (Dkt. 28 at Ex. B) filed by the Plaintiff, Turbine Powered Technology, LLC ("TPT"), on December 20, 2019; the *Response to TPT's Motion to Postpone Ruling on Motion for Partial Summary Judgment* (Dkt. 38) filed by the Defendants, David and Colleen Crowe (the "Debtors"), on

January 10, 2020; and all pleadings related thereto.

Based upon a review of the record, the Court deems this matter suitable for disposition without a hearing,[1] argument, or further briefing.

## I. Jurisdiction

The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(B), 157(b)(2)(I), 157(b)(2)(J), and 1334. The Debtors have consented to this Court's jurisdiction to enter final orders and judgments. When TPT filed its proof of claim, it voluntarily submitted itself to the jurisdiction of this Court. *Langenkamp v. Culp*, 498 U.S. 42, 44, 111 S. Ct. 330, 331, 112 L. Ed. 2d 343 (1990); *see also Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 58-59 and n. 14, 109 S. Ct. 2782, 2799-2800 and n.14, 106 L. Ed. 2d 26 (1989). TPT has also conceded that it has submitted to this Court's jurisdiction. (*See* Dkt. 1; 1/22/2020 Hearing Tr. 25:11-19).

## II. Factual Background & Procedural Posture

On April 12, 2019 (the "Petition Date"), the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

On July 16, 2019, TPT filed a disputed, contingent, unliquidated proof of claim in the administrative bankruptcy case, to which the Debtors have objected. (Admin. Dkt. Proof of Claim 12-1; Admin. Dkt. 176).[2]

On July 22, 2019, TPT filed the complaint against the Debtors that commenced this adversary proceeding. (Dkt. 1). The complaint alleges that TPT's claims are non-dischargeable pursuant to §§ 523(a)(2)(A), 523(a)(4), 523(a)(6), and 727(a)(4) of the Code[3] and asks the Court to enter a non-dischargeable judgment in TPT's favor in the sum of not less than $30,014,536.82, plus interest of 10% per annum. (Dkt. 1).

The claims asserted by TPT in this case arise from the same facts as asserted by TPT in a pre-petition action pending before the 16th Judicial District Court for the Parish of St. Mary in

---

[1] The Court will note that a hearing on the Motion to Postpone was never requested.

[2] References to the "Admin. Dkt." are references to docket entries on the administrative docket, case number 4:19-bk-04406-BMW, of which the Court will take judicial notice.

[3] Unless otherwise indicated, statutory references are to the Bankruptcy Code, title 11 of the United States Code.

Louisiana in which TPT has alleged, among other things, breach of contract, breach of fiduciary duty, tortious interference with a business relationship, and violations of the Louisiana Uniform Trade Secrets and Unfair Trade Practices Act (the "Louisiana State Court Action").

On August 21, 2019, the Debtors filed their answer to the complaint. (Dkt. 2).

On October 24, 2019, the Court held an initial scheduling conference at which time the Court opened discovery to both parties. (10/24/2019 Hearing Tr. 50:4-8).

On November 13, 2019, the Debtors filed a *Motion for Partial Summary Judgment (Count I – III)* (the "Motion for Partial SJ") (Dkt. 18), in which they ask the Court to grant summary judgment in their favor on the basis that TPT has failed to describe its alleged trade secret with sufficient particularity. The Debtors believe that if the Motion for Partial SJ is granted in their favor, TPT will not have a claim in the bankruptcy case and this adversary proceeding will be largely, if not entirely, resolved.

On December 20, 2019, TPT filed the Motion to Postpone, in which it asks the Court to postpone ruling on the Motion for Partial SJ on the basis that Debtor David Crowe has failed to comply with TPT's discovery requests[4] and TPT needs to conduct discovery in order to prepare a meaningful response to the Motion for Partial SJ. The Debtors have objected to the Motion to Postpone on the basis that until TPT has presented a prima facie case, discovery is not appropriate. (Dkt. 38).

On December 20, 2019, TPT also filed the *Response to Motion for Partial Summary Judgment (Counts I-III)* (the "Response") (Dkt. 30). On January 10, 2020, the Debtors filed the *Reply to Motion for Partial Summary Judgment (Counts I-III)* (the "Reply") (Dkt. 37). Oral argument has been requested by the Debtors.

TPT's Response and TPT's controverting statement of facts rely on documents that TPT asserted it would seek to file under seal. (*See* Dkts. 30 & 31). However, although TPT filed the *Amended Motion to File Confidential Information and Documents Under Seal* (the "Motion to File Under Seal") (Dkt. 33) on January 3, 2020, TPT has not taken appropriate steps to pursue

---

[4] The Motion to Postpone suggests that TPT has not actually propounded any discovery requests on Debtor David Crowe. Rather, TPT takes issue with unanswered discovery requests propounded in the State Court Case, which case is stayed as to Debtor David Crowe by the bankruptcy case.

that motion. (*See* Dkts. 47; 1/22/2020 Hearing Tr. 49:19-57:18)). There is nothing in the Motion to File Under Seal that suggests TPT does not possess the information that it thinks necessary to defeat the Motion for Partial SJ. In TPT's controverting statement of facts, TPT expressly represents that it "has recaptured its trade secrets and will, with leave of this Court, file those documents under seal in order to maintain the secrecy of the trade secrets and proprietary information." (Dkt. 31 at 5). Further, counsel for TPT has represented to the Court that TPT is prepared to provide sufficient documentation to this Court regarding its alleged trade secrets. (1/22/2020 Hearing Tr. 34:4-11).

Although TPT has filed a motion to abstain, asking the Court to abstain from, or in the alternative, stay this proceeding to allow the Louisiana State Court to liquidate TPT's claims, the Court has denied such motion. (Dkt. 52).

### III. Legal Analysis

Pursuant to Federal Rule of Civil Procedure 56(d) ("Rule 56(d)"), as incorporated by Federal Rule of Bankruptcy Procedure 7056:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
> (1) defer considering the motion or deny it;
> (2) allow time to obtain affidavits or declarations or to take discovery; or
> (3) issue any other appropriate order.

A party seeking to delay summary judgment pursuant to Rule 56(d) on the basis that additional discovery is needed "bears the burden of proffering facts sufficient to satisfy the requirements of [Rule] 56(d)." *Martinez v. Columbia Sportswear USA Corp.*, 553 F. App'x 760, 761 (9th Cir. 2014). In order to satisfy this burden, the movant "must state 'what other *specific* evidence it hopes to discover [and] the relevance of that evidence to its claims.'" *Stevens v. Corelogic, Inc.*, 899 F.3d 666, 678 (9th Cir. 2018), *cert. denied,* 139 S. Ct. 1222, 203 L. Ed. 2d 208 (2019) (quoting *Program Eng'g, Inc. v. Triangle Publ'ns, Inc.*, 634 F.2d 1188, 1194 (9th Cir. 1980)). "In particular, '[t]he requesting party must show [that]: (1) it has set forth in affidavit form *the specific facts* it hopes to elicit from further discovery; (2) the facts

sought exist; and (3) the sought-after facts are essential to oppose summary judgment.'" *Id.* (quoting *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008)).

When faced with a Rule 56(d) motion, courts consider: (1) "whether the movant had sufficient opportunity to conduct discovery[;]" (2) "whether the movant was diligent[;]" (3) "whether the information sought is based on mere speculation[;]" and (4) "whether allowing additional discovery would preclude summary judgment." *Martinez*, 553 F. App'x at 761.

As a preliminary note, the Motion for Partial SJ challenges TPT to set forth its prima facie case by identifying its asserted trade secrets with sufficient particularity, and "a party may be required to identify its trade secrets with reasonable particularity before it can take discovery." *BioD, LLC v. Amnio Tech., LLC*, No. 2:13-CV-1670-HRH, 2014 WL 3864658, at *4 (D. Ariz. Aug. 6, 2014). Further, TPT has represented to the Court that it is in a position to produce documents regarding its trade secret.

Additionally, the Court has opened discovery to both parties, and there is nothing on the docket that indicates TPT has propounded any discovery on the Debtors in the context of this adversary. To the contrary, the record indicates that TPT has delayed in prosecuting this adversary, by, among other things, failing to propound discovery and failing to file the documents it alleges define its trade secret.

Moreover, neither of the declarations TPT filed in support of its Motion to Postpone satisfy the Rule 56(d) standard because neither of the declarations set forth any specific facts that TPT alleges it must discover in order to present a prima facie case or oppose the Motion for Partial SJ.

### IV. Conclusion

Wherefore, based upon the foregoing, upon consideration of the entire record, and for good cause shown;

**IT IS HEREBY ORDERED** that the Motion to Postpone is denied.

**DATED AND SIGNED ABOVE.**