# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 11 Proceeding |
| DAVID K. CROWE and COLLEEN M. CROWE, | Case No. 4:19-bk-04406-BMW |
| Debtors. | |
| TURBINE POWERED TECHNOLOGY, LLC, | Adversary Case No. 4:19-ap-00260-BMW |
| Plaintiff, | **RULING AND ORDER DENYING MOTION TO RECONSIDER MAY 6, 2020 RULING AND ORDER RE: MOTION FOR LEAVE [DCKT. 97]** |
| v. | |
| DAVID K. CROWE and COLLEEN M. CROWE, | |
| Defendants. | |

    This matter is before the Court pursuant to the *Motion to Reconsider May 6, 2020 Ruling and Order Re: Motion for Leave [DCKT. 97]* (the "Motion for Reconsideration") (Dkt. 109) filed by the Plaintiff, Turbine Powered Technology, LLC ("TPT"), on May 15, 2020, in which TPT asks the Court to reconsider its *Ruling and Order Re: Motion for Leave [Dkt. 97]* (the "Ruling & Order") (Dkt. 108).

    The Court deems this matter suitable for disposition without a hearing, further argument, or additional briefing.

## I. Jurisdiction

The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(B), 157(b)(2)(I), 157(b)(2)(J), and 1334. The Defendants, David and Colleen Crowe (the "Debtors/Defendants"), have consented to this Court's jurisdiction to enter final orders and judgments. Likewise, when TPT filed its proof of claim, TPT voluntarily submitted itself to the jurisdiction of this Court. *Langenkamp v. Culp*, 498 U.S. 42, 44, 111 S. Ct. 330, 331, 112 L. Ed. 2d 343 (1990); *see also Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 58-59 and n. 14, 109 S. Ct. 2782, 2799-2800 and n.14, 106 L. Ed. 2d 26 (1989). TPT has conceded that it has submitted to this Court's jurisdiction. (*See* Dkt. 1; 1/22/2020 Hearing Tr. 25:11-19).

## II. Factual Background & Procedural Posture

On November 13, 2019, the Debtors filed a *Motion for Partial Summary Judgment (Counts I – III)* (the "Motion for PSJ") (Dkt. 18). Thereafter, TPT filed a *Response to Motion for Partial Summary Judgment (Counts I-III)* (the "Response") (Dkt. 30) and a *Controverting Statement of Facts in Support of Response to Motion for Partial Summary Judgment (Counts I-III)* (the "Controverting SOF") (Dkt. 31). The Motion for PSJ was fully briefed on January 10, 2020. (*See* Dkt. 37).

On March 9, 2020, nearly two months after the Motion for PSJ was fully briefed, TPT filed an *Amended and Supplemental Response to Motion for Partial Summary Judgment* (Dkt. 64) and an *Amended Controverting Statement of Facts in Support of Response to Motion for Partial Summary Judgment (Counts I – III)* (Dkt. 65) (collectively, the "Amendments"), without leave of the Court.

On April 10, 2020, TPT filed a *Motion for Leave of Court to: (1) Amend Response to Motion for Partial Summary Judgment; (2) Amend Controverting Statement of Facts in Support of Amended Response to Motion for Partial Summary Judgment; (3) Supplement Record; and (4) Allow Expert Report* (the "Motion for Leave") (Dkt. 97), in which TPT moved the Court pursuant to Federal Rule of Civil Procedure 15 ("Rule 15"), as incorporated by Federal Rule of Bankruptcy Procedure 7015, Federal Rule of Civil Procedure 56 ("Rule 56"), as incorporated by Federal Rule of Bankruptcy Procedure 7056, 11 U.S.C. § 105(a) ("Section 105(a)"), and a

purported reservation of rights in the Response to grant it leave to: (1) file the Amendments; and (2) amend and/or supplement the record with the *Expert Report of Steven B. Kushnick, P.E.* (the "Expert Report") (Dkt. 100), which report was filed contemporaneously with the Motion for Leave.

On May 6, 2020, the Court entered the Ruling & Order, in which the Court denied TPT's Motion for Leave on the basis that: (1) the purported reservation of rights is ineffective; (2) Rule 15 is inapplicable given that it only pertains to pleadings; (3) the Court found no grounds to exercise its discretion pursuant to Rule 56 to allow the Amendments or Expert Report; and (4) Section 105(a) cannot be used to subvert or undermine Rule 56 or Local Rule 9013-1(g)(3), which govern summary judgment proceedings.

On May 15, 2020, TPT filed the Motion for Reconsideration. TPT asks the Court to reconsider its Ruling & Order on the basis that: (1) the Court's Ruling & Order inaccurately describes certain of TPT's filings in this case; and (2) the Court's denial of TPT's request to supplement the record with the Expert Report is manifestly unjust.

## III. <u>Legal Analysis</u>

Federal Rule of Bankruptcy Procedure 9023 largely incorporates Federal Rule of Civil Procedure 59 and allows a party to file a motion to alter or amend a judgment within 14 days of the entry of such judgment.

Neither Federal Rule of Bankruptcy Procedure 9023 nor Federal Rule of Civil Procedure 59 identify grounds for the altering or amendment of a judgment. However, the Ninth Circuit has recognized that a motion to alter or amend a judgment may be granted:

> (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law.

*Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011).

A court has considerable discretion to grant or deny a motion to alter or amend a judgment, *id.*, but altering or amending a judgment is an extraordinary remedy that should be used sparingly.

*Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Where there is no showing that the court misconstrued the facts it was provided or applied the wrong legal standards, there is, in effect, nothing for the court to reconsider. *In re DSBC Invs., L.L.C.*, No. 4:09-BK-03146-JMM, 2009 WL 3275866, at *1 (Bankr. D. Ariz. Oct. 9, 2009).

### 1. TPT's Misconstruction of Facts Argument

TPT contends that the Court inaccurately described its *Amended Motion to File Confidential Information and Documents Under Seal* (Dkt. 33) and documents related thereto[1] (collectively, the "Under Seal Motion & Filings"), and TPT suggests that the Court relied upon such inaccuracies to reach its Ruling & Order.

As the Court correctly and accurately noted in its Ruling & Order, TPT continually failed to comply with Local Rule 5005-6 as to the filing of documents under seal, and a court cannot rule on whether to allow documents to be filed under seal when such documents are not described or disclosed to the Court. That statement in the Ruling & Order is not in error. Further, the fact that TPT may have eventually provisionally filed documents under seal is not critical to the Ruling & Order. The Court has not yet ruled on the Under Seal Motion and Filings.[2]

### 2. TPT's Manifest Injustice Argument

TPT contends that the portion of the Court's Ruling & Order denying TPT's request to supplement the record with the Expert Report is manifestly unjust because the Court has not set a deadline for the disclosure of experts or their reports, and because the Expert Report was unavailable to TPT until the day before TPT filed the Motion for Leave.

Even though the Court has not issued a trial scheduling order or set deadlines regarding the disclosure of expert witnesses or their reports for purposes of <u>trial</u>, in the context of the partial summary judgment proceedings, deadlines were set by the applicable local and federal rules of

---

[1] Namely, TPT's *Supplement to Amend Motion to File Confidential Information and Documents Under Seal* (Dkt. 61), the *Declaration of Steven B. Kushnick* (Dkt. 62), the *Declaration of Ted McIntyre in Support of Motion to File Under Seal and in Support of Response to Motion for Partial Summary Judgment* (Dkt. 67), the *Declaration in Support of Amended Motion to File Confidential Information and Documents Under Seal Pursuant to Local Rule 5005-6(A)(3)* (Dkt. 77), and the documents that TPT provisionally filed under seal (Dkts. 68-73, 75).

[2] The Under Seal Motion & Filings remain pending. TPT has requested an expedited hearing on the Under Seal Motion & Filings, which request is under review. (*See* Dkt. 111).

procedure, and TPT failed to meet these deadlines. *See* Fed. R. Civ. P. 56 (as incorporated by Fed. R. Bank. P. 7056); Local R. Bank. P. 9013-1(g). Although TPT filed other tangentially related motions during the Motion for PSJ briefing period, TPT's filing of such motions did not toll or provide TPT with an avenue to bypass applicable federal and local rules of procedure.

Further, there is nothing manifestly unjust about the Court's refusal to consider the Expert Report at this juncture given that: 1) with respect to summary judgment, the only issue before the Court is whether TPT has described its alleged trade secret(s) with sufficient particularity to establish a prima facie case; and 2) TPT represented to the Court that it was in a position to produce sufficient documentation regarding its trade secrets no later than January 2020, long before the Expert Report was prepared.

**IV.    Conclusion**

Based upon the foregoing, it is the determination of the Court that TPT has demonstrated no basis upon which the Court should alter or amend its Ruling & Order. TPT has not satisfied any of the grounds upon which such relief may be granted.

Wherefore, based upon the foregoing, upon consideration of the entire record, and for good cause shown:

**IT IS HEREBY ORDERED** that the Motion for Reconsideration is DENIED.

**DATED AND SIGNED ABOVE.**